UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER BERG & CARLA BERG, h/w** | Case Number |
| Plaintiffs, | |
| | CIVIL COMPLAINT |
| vs. | |
| **P&B CAPITAL GROUP, LLC** | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs, Christopher Berg and Carla Berg, h/w, by and through their undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Christopher Berg and Carla Berg, h/w, (hereinafter "Plaintiffs"), individual consumers, bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Defendant maintains a registered office here.

## III.     PARTIES

4.     Plaintiffs, Christopher Berg and Carla Berg, h/w, ("Plaintiffs") are adult natural persons residing at 356 Misty Meadow Lane, Davis Junction, IL 61020.

5.     Defendant, P&B Capital Group, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Illinois with its principal place of business located at 461 Ellicott Street, Floor 3, Buffalo, NY 14203 and a registered office located at 2704 Commerce Drive, Harrisburg, PA 17110.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7. In or around the beginning of October 2009, Plaintiffs began to receive calls from Defendant with regard to an alleged consumer debt, namely an HSBC credit card currently owned by Atlantic Credit and Finance, Inc.

8. The $2804.08 debt is allegedly owed by Plaintiff, Christopher Berg.

9. In or around the third week of October 2009, Plaintiff, Carla Berg, spoke to Defendant's agent, Timothy Hurley and attempted to facilitate a settlement of $1000.00.

10. Defendant's agent, Timothy Hurley refused the settlement amount offered by Plaintiff.

11. On or about October 29, 2009, Defendant's agent, Timothy Hurley sent Plaintiff, Carla Berg an email stating that the settlement amount had been authorized but only gave Plaintiff until the next day to pay $1000.00 or the offer would be negated.

12. On or about October 30, 2009, Defendant's agent, Timothy Hurley called Plaintiffs' home phone.

13. Plaintiff, Carla Berg's mother was babysitting and answered the phone.

14. Defendant's agent, Timothy Hurley proceeded to tell Plaintiff's mother that he had gotten the settlement on Plaintiff, Christopher Berg's HSBC account approved and to have Plaintiff, Carla Berg call him immediately.

15. Defendant's agent, Timothy Hurley also called Plaintiff, Carla Berg's cell phone and left a detailed message outlining the settlement and numerous payment methods.

16.     Additionally, Defendant's agent Timothy Hurley called Plaintiff, Christopher Berg's cell phone and left a message referring to the settlement.

17.     Plaintiff, Carla Berg called Defendant's agent, Timothy Hurley and demanded to know why he would leave such detailed messages, which obviously referred to collection of a debt.  Plaintiff also asked why Mr. Hurley had spoken with her mother about such a personal matter.

18.     Defendant's third party contact violates the FDCPA.

19.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiffs, communicated with persons other than Plaintiffs that Plaintiffs owe a debt.

21.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT ONE – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff, Christopher Berg and was a debt incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a. b(1)  Defendant's agent failed to state that he was confirming or correcting location information when speaking to a third party;

    b. b(2)  Defendant's agent stated to a third party that Plaintiff owed a debt;

    c. c(a)(1)  Defendant's agent contacted Plaintiffs at a time/place which should have been known to be inconvenient to Plaintiff;

    d. d  Defendant's agent's conduct was harassing, oppressive and abusive toward Plaintiffs;

    e. d(5)  Defendant's agents caused Plaintiff's phone to ring and engaged her in telephone conversation repeatedly;

    g. f  The conduct and practices of Defendant's agent was unfair to the Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant, P&B Capital Group, LLC and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.     JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: November 6, 2009**         **BY: /s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff